**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES MONAHAN, | ) Case No.: 1:19-cv-00875-LJO-JLT (HC) |
| Petitioner, | ) <br> ) ORDER CONSTRUING AMENDED PETITION IN <br> ) PART AS MOTION TO AMEND TO NAME <br> ) PROPER RESPONDENT |
| v. | ) |
| PASHILK, | ) <br> ) ORDER GRANTING MOTION TO AMEND AND |
| Respondent. | ) DIRECTING CLERK OF COURT TO CHANGE <br> ) NAME OF RESPONDENT |
| | ) <br> ) ORDER DISMISSING AMENDED PETITION |
| | ) AND DIRECTING PETITIONER TO FILE A <br> ) SECOND AMENDED PETITION |
| | ) <br> ) [THIRTY-DAY DEADLINE] <br> ) |

Petitioner filed a Petition for Writ of Habeas Corpus on June 19, 2019 in the Northern District of California. (Doc. 1.) On June 26, 2019, the Northern District of California transferred the petition to this Court. (Doc. 3, 4.) Following a preliminary screening, the Court determined that the petition was deficient in several respects. Therefore, on July 16, 2019, the Court issued an order directing Petitioner to submit a first amended petition. (Doc. 11.) Petitioner filed an amended petition on August 20, 2019. (Doc. 12.) The Court will construe the first page of this amended petition as a motion to amend to name the proper respondent and grant the motion. The remaining portion of the pleading appears to be an attempt to file an amended petition. The Court has screened the remaining portion of the amended

1

petition and finds it is still deficient. Therefore, the Court will dismiss the amended petition and direct Petitioner to file a second amended petition.

## I.    DISCUSSION

### A.  Motion to Amend

The majority of the amended petition is a photocopy of Petitioner's original petition, including some additional pages. The first page of the amended petition is a handwritten addition in which Petitioner requests to "amend this petition to add respondent Warden Davis to answer this petition." (Doc. 12 at 1.) Accordingly, the Court will construe the first page of the amended petition as a motion to amend the petition to name the proper respondent. So construed, the Court will grant the motion to amend.

### B.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### C.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

1  To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the

2  adjudication of his claim in state court

3      (1) resulted in a decision that was contrary to, or involved an unreasonable application
       of, clearly established Federal law, as determined by the Supreme Court of the United
4      States; or (2) resulted in a decision that was based on an unreasonable determination of
       the facts in light of the evidence presented in the State court proceeding.
5

6  28 U.S.C. § 2254(d)(1),(2).  In addition to the above, Rule 2(c) of the Rules Governing Section 2254

7  Cases requires that the petition:

8      (1) Specify all the grounds for relief available to the petitioner;
       (2) State the facts supporting each ground;
9      (3) State the relief requested;
       (4) Be printed, typewritten, or legibly handwritten; and
10     (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for
           the petitioner under 28 U.S.C. § 2242.
11

12     Petitioner has failed to comply with the above statutes and rules by failing to specify any

13  ground(s) for relief.  Most of his amended petition is just a photocopy of the original petition, which

14  this Court found to be deficient.  The Petitioner's allegations remain unclear and conclusory.

15  Therefore, Petitioner fails to state a cognizable federal habeas claim and the petition must be

16  dismissed.

17     Rule 2(c) requires that each ground for relief be clearly stated, along with providing specific

18  factual allegations that support the grounds for relief. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.

19  1990); United States v. Popoola, 881 F.2d 811, 812 (9th Cir. 1989). Before dismissal is recommended,

20  the Court will provide Petitioner an opportunity to file a second amended petition to cure these

21  defects.

22     D.  Exhaustion

23     A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

24  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

25  exhaustion doctrine is based on comity to the state court and gives the state court the initial

26  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S.

27  722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

28

3

1    A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

2 full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.

3 Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full

4 and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

5 claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

6 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

7    With his amended petition, Petitioner does include a "Rules Violation Report" and

8 "Disciplinary Hearing Results," which were not included with the original petition. (Doc. 12 at 22-34.)

9 This shows that the violation occurred on June 11, 2018; on June 27, 2018, the hearing official found

10 Petitioner guilty as charged based on a preponderance of evidence, and on June 28, 2018, the chief

11 disciplinary officer affirmed the hearing results. (Doc. 12 at 22-34.) The Petitioner's appeal was then

12 denied at the second level of review on July 9, 2018. (Doc. 12 at 16-17.) On March 12, 2019, the

13 appeal was denied at the third level of review. (Doc. 12 at 20-21.) Petitioner appears to have exhausted

14 the administrative remedies available to him within CDCR.

15    However, Petitioner fails to indicate whether he has sought relief in the state courts. Because

16 Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court

17 must dismiss the petition. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v.

18 Rice, 276 F.3d 478, 481 (9th Cir. 2001); Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th

19 Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot

20 consider a petition that is entirely unexhausted. Rose, 455 U.S. at 521-22; Calderon, 107 F.3d at

21 760. Therefore, the petition must be dismissed for lack of exhaustion.

22    Because the Court cannot consider a petition that is entirely unexhausted, Petitioner must

23 demonstrate that he has presented his claims to the California Supreme Court as required by the

24 exhaustion doctrine. See Rose, 455 U.S. at 521-22. If in fact Petitioner has fully exhausted his claims,

25 he must so indicate in his amended petition.

26    Petitioner will be granted an opportunity to file a second amended petition curing the foregoing

27 deficiencies. Petitioner is advised that he should entitle his pleading, "Second Amended Petition," and

28

4

he should reference the instant case number. Failure to comply with this order will result in dismissal of the action.

## II.     ORDER

Accordingly, the Court **ORDERS**:

1) The motion to amend to name the proper respondent is **GRANTED**;

2) The Clerk of the Court is directed to change the name of the respondent;

3) The first amended petition is **DISMISSED**; and

4) Petitioner is **GRANTED** thirty days from the date of service of this Order to file a second amended petition that complies with this order.


IT IS SO ORDERED.

Dated:     **September 19, 2019**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE