UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JAMES MONAHAN, | ) Case No.: 1:19-cv-00875-LJO-JLT (HC) |
|---|---|
| Petitioner, | ) FINDINGS AND RECOMMENDATION TO DISMISS THE PETITION FOR FAILURE TO COMPLY |
| v. | ) |
| DAVIS, | ) [TEN-DAY OBJECTION DEADLINE] |
| Respondent. | ) |

On June 19, 2019, Petitioner filed a petition for writ of habeas corpus in the Northern District of California. (Doc. 1.) On June 26, 2019, the Northern District of California transferred the petition to this Court. (Doc. 3.) A preliminary screening of the petition revealed that the petition was deficient in several respects. Therefore, on July 16, 2019, the Court issued an order directing Petitioner to submit a first amended petition. (Doc. 11.) Petitioner filed a first amended petition on August 20, 2019. (Doc. 12.) However, upon screening the first amended petition, the Court determined that it was still deficient. The Court dismissed the first amended petition and granted Petitioner thirty days to file a second amended petition. (Doc. 13.) More than thirty days have passed, and Petitioner has failed to comply. Therefore, the Court will recommend the action be **DISMISSED**.

## DISCUSSION

Local Rule 110 provides that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions

1

authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because this case has been pending since June 19, 2019. The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262. The Court's orders dated July 16, 2019 and September 20, 2019, expressly stated: "Failure to comply with this order will result in dismissal of the action." (Doc. 11 at 4, Doc. 13 at 5.) Thus, Petitioner had adequate warning

that dismissal would result from his noncompliance with the Court's orders.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that this action be DISMISSED for Petitioner's failure to comply with court orders and failure to prosecute.

This Findings and Recommendation is submitted to the assigned District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten days after service of the Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 12, 2019**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE